# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75743-1-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| V.C.M. | ) | UNPUBLISHED OPINION |
| DOB: 2/22/03, | ) | |
| | ) | |
| Respondent. | ) | FILED: **DEC 1 8 2017** |

PER CURIAM. The State appeals an order sealing V.C.M.'s records following his completion of a deferred disposition and the dismissal of his conviction for possession of marijuana. The State contends, and V.C.M.'s counsel on appeal agrees, that "[t]he trial court violated RCW 13.40.127 and RCW 13.50.260 by sealing the Respondent's juvenile criminal case file upon successful completion of a deferred disposition before the Respondent's eighteenth birthday." Appellant's brief at 1. The State's contention and V.C.M.'s concession are controlled by our recent decision in State v. H.Z.-B., __ Wn. App. __ , __ P.3d __ (2017) (holding that statutes pertaining to record sealing and deferred dispositions indicate that juvenile record should be sealed when case is dismissed and do not prohibit sealing until juvenile's eighteenth birthday). In light of H.Z.B., it is unnecessary to reach V.C.M.'s contention that trial counsel was ineffective for failing to argue an alternative basis for sealing the record.

Affirmed.

For the Court:

_Appelwick, J_

_Spearman, J._          _Becker, J._